UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ALFONSO CORRALES-MEJORADO (A-078-723-039),<br>Petitioner,<br>v.<br>POLLY KAISER, et al.,<br>Respondent. | No. 1:26-cv-6968 TLN CSK<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner is an immigration detainee, proceeding through counsel, with a petition for writ of habeas corpus filed pursuant to 28 U.S.C.§ 2241 and 28 U.S.C. § 2254. Pending before the Court is petitioner's motion for a temporary restraining order. (ECF No. 5.) For the reasons that follow, this Court orders the petition dismissed with leave to file an amended petition and recommends that the motion for a temporary restraining order be denied.

**I. BACKGROUND**

Petitioner is a native and citizen of Mexico. (ECF No. 1-8 at 2.) Petitioner was admitted to the United States on or about October 20, 2003 as a "child of an alien classified as B26." (Id.) On October 20, 2003, petitioner obtained Lawful Permanent Resident Status as a derivative beneficiary. (ECF No. 1-3 at 2.) On December 4, 2024, petitioner pled guilty in Nevada state court to violating Nevada Revised Statutes ("NRS") 453.336.2A (possession of Schedule I or II

Controlled Substance Less Than 14 Grams). (ECF No. 1-6.) On February 26, 2025, petitioner was sentenced to twelve to thirty months imprisonment for this offense. (ECF No. 1-7.) On December 17, 2025, petitioner was issued a Notice to Appear under Immigration and Nationality Act ("INA") Section 240 charging petitioner with violating INA Section 237(a)(2)(B)(i), as having been convicted of any law or regulation of a State, the United States, or a foreign country, relating to a controlled substance. (ECF No. 1-8.) On December 17, 2025, petitioner's custody was transferred from the Nevada Department of Corrections to U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1-1 at 3.) Petitioner is currently detained at the California City Detention Facility. (Id.)

## II. PROCEDURAL BACKGROUND

On August 31, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On September 1, 2026, the district court referred this action to the assigned magistrate judge. (ECF No. 3.) On September 1, 2026, petitioner filed the pending motion for temporary restraining order. (ECF No. 5.) This Court finds that petitioner's motion for temporary restraining order may be addressed without input from the government.

## III. CLAIMS RAISED IN PETITION AND MOTION FOR TEMPORARY RESTRAINING ORDER

The petition raises two claims for relief. In claim one, petitioner argues that he is in custody in violation of the Sixth Amendment. (ECF No. 1 at 14-17.) Petitioner argues that he was convicted of violating NRS 453.336.2A due to ineffective assistance of counsel. (Id. at 15.) Petitioner argues that the attorney representing him in state court never verified petitioner's immigration status or determined if petitioner was a citizen. (Id.) Petitioner argues that petitioner was never informed that by pleading guilty to NRS 453.336.2A that petitioner would automatically be removable under 8 U.S.C. § 1227(a)(2)(B)(i). (Id. at 16.) Petitioner argues that he did not receive any specific, non-generic advice concerning the immigration consequences of his plea. (Id.) Petitioner argues that he was not aware that he would certainly be removed from the United States based on his plea. (Id. at 17.) Petitioner argue that he would never have pled guilty to a charge that would permanently separate him from his family via removal. (Id.)

Petitioner requests that this Court declare that petitioner's continued detention violates the Sixth Amendment and that petitioner's plea agreement is invalid, null or void. (Id.)

In claim two, petitioner again argues that he is in custody in violation of the Sixth Amendment. (Id. at 18-20.) The grounds of this claim are not clear. Petitioner states that on information and belief, he is still on parole as to his conviction for violating NRS 453.336.2A. (Id. at 19.) On February 18, 2026, petitioner filed a petition for writ of habeas corpus in the County of Washoe, Second Judicial District Court of the State of Nevada challenging the validity of his plea. (Id.) On June 2, 2026, an immigration judge ordered petitioner removed to Mexico. (ECF No. 1 at 19; ECF No. 1-10.) On June 25, 2026, petitioner filed an appeal with the Board of Immigration Appeals ("BIA"). (ECF No. 1 at 19; ECF No. 1-11.) Petitioner argues that if the BIA renders an unfavorable decision against petitioner, he will be deported long before his petition for habeas corpus filed in state court is litigated. (ECF No. 1 at 20.)

As relief, petitioner requests that the Court declare that his continued detention violates the Sixth Amendment and that his plea agreement in Nevada state court, by which petitioner was deemed to have violated NRS 453.336.2A, be ruled invalid or null and void. (Id. at 27.) Petitioner also requests this Court order petitioner's immediate release and grant any further relief the Court deems just and proper. (Id. at 28.)

In the motion for a temporary restraining order, petitioner requests that the Court stay the order of removal against petitioner based on the claims raised in the petition. (ECF No. 5 at 10.)

## IV. MOTION FOR TEMPORARY RESTRAINING ORDER

### A. Legal Standard for Injunctive Relief

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839, n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must first show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of

preliminary relief; (3) the balance of equities tips in favor of the moving party; and (4) an injunction is in the public interest. Winter, 555 U.S. at 20.)

**B. Discussion**

In the motion for temporary restraining order, petitioner seeks a stay of his order of removal based on the claims raised in the instant petition. This Court does not have the authority to review this request. 8 U.S.C. § 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." The Ninth Circuit has held that Section 1252(g) bars district court habeas review of claims seeking to stay removal proceedings. See Rauda v. Jennings, 55 F.4th 773, 776-77 (9th Cir. 2022). Furthermore, exclusive jurisdiction to review the outcome of removal proceedings is vested in the courts of appeal, not district courts. See 8 U.S.C.§ 1252(b)(9). For these reasons, petitioner's motion for a temporary restraining order should be denied.

**V. DISMISSAL OF PETITION WITH LEAVE TO AMEND**

At the outset, this Court finds that claims challenging the validity of petitioner's state conviction and claims related to petitioner's immigration detention should not be raised in the same petition. Moreover, the claims raised in claims one and two challenging the validity of petitioner's state conviction for violating NRS 453.336.2A should be raised in the district of conviction, which is the United States District Court for the District of Nevada. See Favor v. California, 2017 WL 2671006, at *1 (E.D. Cal. June 21, 2017) ("Petitions [filed pursuant to 28 U.S.C. § 2254] challenging convictions or sentences are preferably heard in the district of conviction."). Accordingly, these claims are dismissed.

A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001). The petition raises no claims challenging the

validity of petitioner's immigration detention. For this reason, the petition is dismissed. Petitioner is granted leave to file an amended petition raising claims challenging his immigration detention. Failure to file an amended petition raising such claims will result in a recommendation of dismissal of this action.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the petition is dismissed with leave to amend; petitioner is granted thirty days to file an amended petition; failure to file an amended petition within that time will result in a recommendation of dismissal of this action.

Further, IT IS HEREBY RECOMMENDED that petitioner's motion for a temporary restraining order (ECF No. 5) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 3, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mejo6968.157.imm/2